IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DERAIMUS WALKER, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO.: CV208-123
)
TAMALA BROWN, Warden, )
)
Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Deraimus Walker ("Walker"), an inmate currently incarcerated at Wayne State Prison in Odum, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Appling County. Respondent filed an Answer-Response and a Motion to Dismiss. Walker has responded. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Walker was convicted, after a jury trial, in the Appling County Superior Court of one count of false imprisonment on August 15, 2002. He was sentenced to ten (10) years' imprisonment. Walker filed an appeal, and the Georgia Court of Appeals affirmed his conviction and sentence by opinion dated April 21, 2004. Walker v. State, 267 Ga. App. 155, 598 S.E.2d 875 (2004). Walker filed a petition for writ of habeas corpus in the Wayne County Superior Court on July 25, 2007, and an amendment to

that petition on September 26, 2007. (Resp't's Exs. 2-3). The Wayne County Superior Court denied Walker's petition on July 23, 2008, and his amendment on August 5, 2008. (Resp't's Exs. 4-5). Walker filed an extraordinary motion for a new trial on October 1, 2007, and the trial court denied his motion on December 27, 2007. (Doc. No. 1, Exs. A-B). The Georgia Court of Appeals denied Walker's application for discretionary appeal on February 18, 2008.

In this petition, which was filed on September 16, 2008, Walker contends the Appling County Superior Court and the Georgia Court of Appeals denied him a full and fair appeal by denying his extraordinary motion for a new trial and his application for discretionary appeal, respectively. Respondent asserts Walker's petition is untimely and should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Walker's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Walker was found guilty of false imprisonment after a jury trial in the Appling County Superior Court, and he was sentenced on August 15, 2002. Walker filed a direct appeal, and the Georgia Court of Appeals affirmed his conviction and sentence on April 21, 2004. Walker had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Walker filed neither of these pleadings. Thus, his conviction became final on or about May 3, 2004.[1] Ga. Ct. App. R. 37 (b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed). Because Walker's conviction became final on May 3, 2004, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

Walker filed a state habeas corpus petition in the Wayne County Superior Court on July 25, 2007, more than three (3) years after the statute of limitations period began

---

[1] Walker's conviction became final on May 1, 2004, which was a Saturday. (Doc. No. 5-2, p. 4).

to elapse.[2] Walker's petition, which was filed on September 16, 2008, was filed well outside of the one year statute of limitations available under 28 U.S.C. § 2244(d)(1).

To the extent Walker asserts his statute of limitations period is triggered by 28 U.S.C. § 2244(d)(1)(D)—the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, this assertion is without merit. According to Walker, a woman who identified herself as the victim in his criminal prosecution called Tamala Brown, the Warden at Wayne State Prison, on March 23, 2006, and told Brown that Walker was not guilty of the crime for which he is imprisoned. Brown signed an Affidavit attesting to receiving this telephone call on May 23, 2006. (Resp't's Ex. 3, Att. A). On April 4, 2006, Walker's attorney contacted Arney Herrin, a private investigator, to contact the victim in Walker's criminal prosecution. In his Affidavit, which was signed May 31, 2006, Herrin stated he was able to speak with the victim, and she said she had no statement to make at that time. (Id. at Att. B). Walker discovered the factual predicate of the claims set forth in this petition no later than April 4, 2006. Thus, he would have had one (1) year from that date to file a federal habeas petition or to have a properly filed pleading in the state courts, or until April 4, 2007. However, Walker did not file a state habeas corpus petition until July 25, 2007, which he amended on September 26, 2007, to include this "newly discovered evidence". (Resp't's Ex. 3). Walker filed an extraordinary motion for new trial with the Appling County Superior Court on October 1, 2007. (Doc. No. 1, Ex. B). Both of

---

[2] The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). As Walker did not have a properly filed application filed with the state courts, his statute of limitations period could not toll.

AO 72A
(Rev. 8/82)

4

Walker's state court pleadings were filed more than one (1) year after Walker learned of the telephone call Brown received. Accordingly, Walker's petition was untimely filed pursuant to 28 U.S.C. § 2254(d)(1)(D).

### CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Walker's petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 9th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE